IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| aaiPHARMA, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 C 0537 ) |
| KREMERS URBAN DEVELOPMENT CO., KREMERS URBAN, INC., SCHWARZ PHARMA, INC., SCHWARZ PHARMA USA HOLDINGS, INC., SCHWARZ PHARMA MANUFACTURING, INC., and SCHWARZ PHARMA AG, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff aaiPharma, Inc. ("AAI") sued Defendants Kremers Urban Development Co., Kremers Urban, Inc., Schwarz Pharma, Inc., Schwarz Pharma USA Holdings, Inc., Schwarz Pharma Manufacturing, Inc., and Schwarz Pharma AG (collectively "Defendants") for patent infringement in the Southern District of New York. Defendants served a subpoena, issued from the Northern District of Illinois, on the law firm of McDonnell Boehnen Hulbert & Berghoff ("MBHB"), who serves as AAI's trial counsel in the underlying action. AAI and MBHB move to quash Defendants' subpoena under Federal Rule of Civil Procedure 45. For the reasons discussed below, the Court denies AAI and MBHB's Motion to Quash Defendants' subpoena. As discussed in Section III of the Analysis, the Court modifies Defendants' subpoena.

1

## BACKGROUND

### I. The Underlying Action in the Southern District of New York

AAI sued Defendants for patent infringement in the Southern District of New York, Case No. 02 CV 09628, pending before District Court Judge Barbara S. Jones. In particular, AAI alleges that Schwarz Pharma's sale of a generic version of heartburn medication, Prilosec®, infringes two of AAI's patents.

MBHB is trial counsel for AAI in the underlying action.

### II. Defendants' Claims of Inequitable Conduct

Among other defenses, in the underlying action, Defendants claim that AAI's asserted patents are unenforceable due to inequitable conduct. In general, Defendants argue that during the prosecution of the patents in suit, AAI knew about, but intentionally did not disclose to the United States Patent & Trademark Office ("USPTO"), the prior art activity of a third party, AstraZeneca ("AZ"). The prosecution of the patents in suit began at least as early as August 26, 1999, when AAI filed a provisional patent application. The first of the patents in suit issued on July 31, 2001, and the second such patent issued on December 4, 2001. During that period of time, Defendants contend that MBHB was substantively involved in the prosecution of the patents in suit. In support of this theory, Defendants point to several documents produced by AAI in the underlying litigation, attached as Exhibits 2-8 to Defendants' Opposition. Based on this involvement in the prosecution of the patents in suit, Defendants argue that MBHB may have been subject to a duty of candor before the USPTO relating to its involvement with the AAI patent applications.

2

### III. Defendants' Subpoena

Allegedly in order to determine the extent of MBHB's involvement in the prosecution of the patents in suit before the USPTO, Defendants served a Rule 45 subpoena on MBHB on January 7, 2005. Defendants' subpoena seeks deposition testimony from MBHB related to the memorandum referenced in entry number 123 on AAI's privilege log (Topic 1), MBHB's work in formulating that memorandum (Topics 1, 2, and 5), MBHB's knowledge of certain prior art and certain features of the technology of the patents in suit (Topics 3, 4, and 6), the scope of MBHB's work for AAI relating to the technology at issue in the underlying action (Topic 7), MBHB's process for complying with any duty of candor owed to the USPTO for patent applications for AAI involving the technology in question (Topic 8), and communications between MBHB and AAI's prosecution counsel regarding patent applications relating to the technology in question (Topic 9). Defendants also seek documents that, in general, correspond to the above deposition topics.

### IV. The Parties' Disputes Over AAI's Assertion of Privilege in the Underlying Action

In the underlying litigation, the parties have had multiple disputes regarding AAI's assertions of privilege regarding documents requested in that litigation by Defendants. After an *in camera* review of a subset of AAI's allegedly privileged documents, Magistrate Judge Ellis, in the Southern District of New York, ordered AAI to produce all documents that it was withholding on the basis of privilege. AAI has produced most of those documents, but has requested that Magistrate Judge Ellis clarify his order with respect to a portion of those documents that AAI believes clearly fall within the scope of the attorney-client privilege. Magistrate Judge Ellis has agreed to review for a second time those documents in question. One

3

of these documents is the memorandum identified as entry 123 on AAI's privilege log. AAI's privilege log indicates that this memorandum was dated June, 26, 2000, and related to "patent prosecution strategy for Whittle/Sancilio patent application." (Def.'s Corrected Opp. Mot. at 9.) AAI's privilege log further describes the memorandum as being "from outside counsel providing legal advice regarding omeprazole patent prosecution strategy." (*Id.*)

## LEGAL STANDARD

### I. Motions to Quash

The Federal Rules of Civil Procedure provide that a court shall quash or modify a subpoena if it requires disclosure of privileged information or subjects a person to undue burden. FED.R.CIV.P. 45(c)(3)(A). A district court may quash or modify a subpoena if it seeks discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; [or] the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought []." FED.R.CIV.P. 26(b)(2). Motions to quash are within the sound discretion of the district court. *Wollenburg v. Comtech Mfg. Co.*, 201 F.3d 973, 977 (7th Cir. 2000) (citing *U.S. v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992)).[1]

### II. Inequitable Conduct

The law requires patent applicants before the USPTO to prosecute patent applications with candor, good faith, and honesty. *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir.

---

[1] The law of the regional circuit, not the Federal Circuit, applies to procedural issues not unique to patent law. *Lamle v. Mattel, Inc.*, 394 F.3d 1355, 1358 (Fed. Cir. 2005). The Federal Circuit has stated that a motion to quash a subpoena generally does not involve issues unique to patent law and therefore regional law governs such a motion. *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1209 (Fed. Cir. 1987).

1995). This "duty of candor" applies to not only the inventor and the prosecuting attorney or agent, but also "[e]very other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application." 37 C.F.R. § 1.56(c). A breach of the duty of candor may constitute inequitable conduct. *Molins*, 48 F.3d at 1178. Inequitable conduct can arise from a failure to disclose information that is material to patentability, along with an intent to deceive or mislead the USPTO. *Bruno Independent Living Aids, Inc. v. Acorn Mobility Services, Ltd.*, 394 F.3d 1348, 1351 (Fed. Cir. 2005).

## ANALYSIS

AAI and MBHB first argue that deposition topics 1-4, and 8 and document requests 1-10 seek testimony and documents that are not relevant to any claim or defense raised by Defendants and not stayed in the underlying case. Second, AAI and MBHB argue that deposition topics 1, 5, 6, 7, and 9 and document requests 11-14 seek testimony and documents protected by the attorney-client privilege and work product immunity. Third, AAI and MBHB argue that deposition topics 2, 3, and 4 and document requests 3-10 seek testimony and documents that are unduly burdensome and unreasonably cumulative or duplicative, or that Defendants can obtain from some other source that is more convenient, less burdensome, or less expensive.[2]

I. **Depositions of Trial Counsel**

As an initial matter, the Court addresses the issue of the standard that it should apply in

---

[2] The Court notes that neither party offers any alternative to either quashing the entire subpoena or allowing the entire subpoena to stand. Although the Federal Rules permit the Court to modify the subpoena, FED.R.CIV.P. 45(c)(3)(A), neither party has requested that, or provided any guidance on how the Court may do so. As discussed in Section III of this analysis, this limits the Court's ability to specifically modify Defendants' subpoena.

analyzing a motion to quash a subpoena of trial counsel. For the first time in their Reply brief, AAI and MBHB argue that the Court should follow *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). The Eighth Circuit, in *Shelton*, held that before a party may depose trial counsel, it must show that: "(1) no other means exist to obtain the information than to depose opposing counsel []; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id.* at 1327. AAI and MBHB further note that multiple courts in this district have followed *Shelton* in certain circumstances and placed a heavy burden on the party seeking to depose opposing trial counsel.

The Court first notes that AAI and MBHB did not raise their argument regarding *Shelton* until their Reply Brief. A party fails to properly raise an argument when it makes the argument for the first time in its Reply Brief. *Kelso v. Bayer Corp.*, 398 F.3d 640, 643 (7th Cir. 2005). For that reason alone, the Court declines to apply the strict standard of *Shelton* to the facts here. The Court also notes that the Seventh Circuit has not addressed the issue of whether the *Shelton* rule applies in this circuit. Some courts in this circuit have declined to follow *Shelton*. *See Cook Inc. v. CR Bard Inc.*, No. IP 00-1791, 2003 WL 23009047 (S.D. Ind. Sept. 18, 2003) (affirming the Magistate Judge's order allowing a deposition of trial counsel to go forward, and decline to follow *Shelton*.) Judge Shadur has also rejected the reasoning of *Shelton* and allowed a party to depose opposing trial counsel. *See QAD.Inc. v. ALN Assocs., Inc.*, 132 F.R.D. 492 (N.D. Ill. 1990).[3]

---

[3]The Second Circuit, the location of the underlying litigation, has also recently disagreed with the reasoning of *Shelton*. *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65 (2d Cir. 2003); *Resqnet.com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578, 2004 WL 1627170 (S.D.N.Y. July 21, 2004) (holding in a patent case that the fact that the subpoenaed third party is trial counsel is just one factor to consider in deciding whether to quash that subpoena.) The analysis in

As the court in the *Cook* case also recognized, the Court notes that the Eighth Circuit has limited *Shelton* to the depositions of trial counsel regarding their knowledge about the particular case in which they served as trial counsel. *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir. 2002) (holding that the *Shelton* rule does not apply to depositions of attorneys about matters separate from the matter in which the attorney is serving as trial counsel); *Cook*, 2003 WL 23009047, *1 n.1. This reasoning is particularly compelling here, where Defendants seek discovery form MBHB about MBHB's representation of AAI regarding the prosecution of the patents in suit, and not about the underlying litigation. Indeed, it would be unfair to accused patent infringers if patentees could shield potentially harmful discovery related to their knowledge of prior art merely by using their prosecution counsel, or patentability opinion counsel, as trial counsel.[4]

Accordingly, the Court declines to require that Defendants meet the heavy burden of *Shelton* in order to obtain discovery from MBHB. The Court factors MBHB's status as trial

---

in *Resqnet.com*, is particularly instructive. There, the district court granted the motion to quash the patentee's trial counsel who also prosecuted the patents in suit. The court made clear, however, that it granted the motion because the defendant in that case was not asserting the defense of inequitable conduct and therefore, there was little relevant information that the attorney could provide. In this case, Defendants are asserting inequitable conduct and therefore the discovery from attorneys involved in the prosecution of the patents in suit is directly relevant.

[4] AAI and MBHB, themselves, refer to the memorandum listed as entry 123 on AAI's privilege log as an "opinion." This terminology suggests that counsel provided the document in question to its client as part of a legal service separate and apart from MBHB's role as trial counsel. Indeed, courts have developed a significant body of case law regarding opinions-of-counsel in the context of accused infringers using opinions as a defense against a charge of wilful infringement. In that context, other courts have noted that firms take on certain risks when they choose to wear the dual hats of opinion counsel and trial counsel. *Novartis Pharmaceuticals Corp. v. EON Labs Mfg., Inc.*, 206 F.R.D. 396, 399 (D.Del. 2002) (referring to the arrangement of having opinion counsel and trial counsel from the same law firm as "risky" and "unconventional").

7

counsel and the associated risks of obtaining discovery from trial counsel into its analysis of AAI and MBHB's Motion to Quash under the Federal Rules of Civil Procedure. *See ALN Assocs.,* 132 F.R.D. 492; *Resqnet.com,* 2004 WL 1627170.

## II. AAI and MBHB's Relevance Objections

AAI and MBHB argue that the information sought by Defendants' subpoena in Topics 1-4, and 8 and Document Requests 1-10 is not reasonably calculated to lead to the discovery of admissible evidence. Topic 1 seeks information regarding which MBHB attorneys were involved in the prosecution of AAI's patents involved in the underlying litigation and whether that involvement was sufficient to render those attorneys subject to the duty of candor before the USPTO. Topics 2-4 relate to MBHB's knowledge of particular prior art. Topic 8 relates to MBHB's actions taken to comply with any duty of candor owed to the USPTO. In particular, AAI and MBHB argue that MBHB did not prosecute the patents in suit and therefore was not subject to any duty of candor before the USPTO. Therefore, according to AAI and MBHB, any discovery related to MBHB's knowledge of prior art is irrelevant. Defendants counter that under USPTO Rule 56, MBHB attorneys could have been subject to the duty of candor even though they did not prosecute the patents in suit, as long as they were substantively involved in that prosecution. Further, Defendants argue that discovery in the underlying action has shown that MBHB attorneys were in fact substantively involved in that prosecution. In any event, Defendants argue that the requested discovery will show whether or not MBHB attorneys were substantively involved in the prosecution of the patents in suit, and if so, what knowledge the attorneys had, if any, regarding certain prior art.

The Court agrees with Defendants that the duty of candor is not strictly limited to

8

inventors and prosecuting attorneys. USPTO Rule 56 makes clear that the duty also extends to anyone "substantively involved in the preparation or prosecution of the application." 37 C.F.R. § 1.56(c). While MBHB argues that the duty of candor "does not extend to counsel whose role is merely to opine on possible prosecution strategies, and who is not involved in preparing or prosecuting the patent-in-suit," MBHB does not set forth any authority showing that rendering a patentability opinion does not constitute "substantive involvement" in patent prosecution. Further, the Court has examined the documents produced by AAI in the underlying litigation, attached to Defendants' Opposition as Exhibits 2-8, and it is apparent that MBHB was involved in AAI's prosecution of the patents in suit, at least at some level.[5]

The Court is not holding that it will permit defendants in patent infringement suits that are asserting the defense of inequitable conduct to depose any law firms associated with the patentee to determine whether attorneys from the firm were "substantively involved" in the prosecution of asserted patents. Here, however, Defendants have produced significant evidence indicating that MBHB was involved, at least at some level, with AAI's patent prosecution strategy for the technology at issue in the underlying case. Accordingly, the discovery sought by AAI is likely to lead to the discovery of admissible evidence regarding the extent of MBHB's involvement in the prosecution of the applications resulting in the patents in suit, and whether

---

[5]The Court does not reach the conclusion that based on the evidence before it MBHB was "substantively involved" in the prosecution of the patents in suit such that it was subject to the USPTO's duty of candor for those patent applications. That is a decision ultimately for the district court in the underlying action. Rather, the Court, here, merely recognizes that there is evidence that tends to show that MBHB assisted AAI, in at least a small way, in obtaining the patents in suit. Therefore, there is a question in the underlying litigation, as to whether MBHB was subject to the duty of candor under USPTO Rule 56. The requested discovery from MBHB is likely to lead to the discovery of admissible evidence related to that question of MBHB's duties.

9

MBHB may have violated any duty of candor that applied to any of AAI's attorneys or agents.

## III. AAI and MBHB's Privilege Objections

AAI and MBHB argue that deposition topics 1, 5, 6, 7, and 9 and document requests 11-14 seek testimony and documents protected by the attorney-client privilege and work product immunity and therefore the Court should quash the subpoena. Defendants respond that not all of the requested information is privileged and therefore AAI and MBHB can specifically object to deposition questions that are privileged, where appropriate, and provide a privilege log identifying responsive privileged documents.

The Court agrees with Defendants that AAI and MBHB's privilege objections are, in this case, not sufficient to quash the entire subpoena. First, AAI and MBHB do not raise a privilege objection to every category of discovery. In other words, entire categories of requested non-privileged information exist.

Second, even within the categories of discovery for which AAI and MBHB object on the basis of privilege, there appears to be responsive information not subject to any privilege. For instance, deposition Topic 1, to which AAI and MBHB object on the basis of privilege, requests information not only about the memorandum referenced in entry number 123 on AAI's privilege log, but also additional non-privileged information about that memorandum, such as: the client matter numbers used by MBHB, any legal fees charged to AAI by MBHB, and all individuals of MBHB who participated in drafting that memorandum. This information, specifically identified by Defendants in their subpoena, is likely to be non-privileged, responsive information that is relevant to the issue of whether MBHB's level of involvement in the prosecution of the patents in suit subjected it to the duty of candor before the USPTO.

Third, as both parties explain, the Magistrate Judge in the Southern District of New York is currently reviewing AAI's claim to privilege regarding the memorandum listed as entry 123 on AAI's privilege log, and other similar documents. The Southern District of New York is the proper court to rule on the privilege of these documents. It is more familiar with the underlying facts, especially because it has already reviewed *in camera* many documents from AAI's privilege log. That court is also better situated to rule on AAI's claims to privilege because AAI is already a party in an action pending in that court, and AAI, as the client of MBHB, is the owner of any privilege attached to the memorandum in question. Because a review of AAI's claims to privilege is underway, it would not make sense to quash Defendants' subpoena on the basis of that privilege, if it is possible that no such privilege may exist.

Accordingly, the best procedure is for AAI to assert its privilege objections for each particular question or responsive document.[6] *See Hunt Int'l Resources Corp. v. Binstein*, 98 F.R.D. 689 (N.D. Ill. 1983); *see also Kaiser v. Mutual Life Ins. Co. of New York*, 161 F.R.D. 378, 380 (S.D. Ind. 1994); *Cooper v. Welch Foods, Inc.*, 105 F.R.D. 4, 6 (W.D.N.Y. 1984).[7]

IV. AAI and MBHB's Objections that the Discovery Sought is Unduly Burdensome, Duplicative, and Cumulative

---

[6] Similar to the issue of MBHB's involvement in the prosecution of the patents in suit, the Court does not reach the issue of whether any of the requested information is, in fact, privileged. The Court understands that the district court in the underlying action has provided guidance on this issue and is in the process of providing further guidance. The Court expects the parties to closely abide by the Magistrate Judge's rulings regarding privilege.

[7] The Seventh Circuit, in reversing a district court that quashed a subpoena on a blanket privilege objection, has cited these and other cases requiring a party to assert privilege objections in a privilege log and for the appropriate deposition questions. *National Labor Relations Bd. v. Modern Drop Forge Co.*, 108 F.3d 1379 (7th Cir. 1997). Because the Seventh Circuit did not publish that decision, the Court does not rely on it.

11

AAI and MBHB argue that the Court should quash Defendants' subpoena as unduly burdensome because the requested discovery is substantially duplicative of previously-produced or available evidence. Defendants respond that the requested discovery is not duplicative because it seeks to determine which documents were in the files of MBHB, information it can only obtain from MBHB.

The Court agrees with Defendants that the requested discovery is not unduly burdensome because it is duplicative. As Defendants explain, even if they have already received certain information from AAI, the question of the nature of MBHB's knowledge of that same information is a separate issue relevant to Defendants' inequitable conduct theory. Because there is no clear manner for Defendants to discover this information regarding MBHB's knowledge from sources other than MBHB, the burden to MBHB in providing the requested discovery is not undue. *See ALN Assocs.*, 132 F.R.D. at 495.

The Court also notes that an accused infringer rarely proves a patentee's intent to deceive through direct evidence. *Abbott Labs. v. TorPharm, Inc.*, 300 F.3d 1367, 1380 (Fed. Cir. 2002) ("intent to deceive may be inferred from the surrounding circumstances rather than by direct evidence"); *Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1189-90 (Fed. Cir. 1993) (noting that "smoking gun" evidence of intent to deceive is rarely available and therefore this element "must generally be inferred from facts and circumstances surrounding the applicant's overall conduct"). Therefore, the mere fact that Defendants did not discover "smoking gun" evidence of intent to deceive in discovery from AAI and prosecution counsel, does not render cumulative all subsequent discovery related to the issue of intent to deceive. Accordingly, some overlap in the discovery requested from MBHB and the discovery already

taken from AAI and its prosecution counsel does not render the burden to MBHB undue.

AAI and MBHB specifically call the Court's attention to deposition topics 2, 3, and 4 in arguing that these topics are facially overbroad and request information that is not limited to the underlying action or the patents in suit. The subpoena limits Topic 2 to relevant information given that the request is limited to information "relating to the memorandum identified by entry 123 on AAI's privilege log." (AAI and MBHB's Mot. to Quash at Ex. A, Sched. A.) Topics 3 and 4, however, extend to information unrelated to the patents in suit because the subpoena does not limit those topics to work related to the patents in suit. AAI and MBHB have not proposed any modification to the specific topics they contend are unduly burdensome. Rather, they ask the Court to quash the entire subpoena on the basis of the undue burden imposed on them. The Court will not quash the entire subpoena, for all the reasons discussed in this Opinion. Also, the Court is not inclined to specifically modify the language of Defendants' subpoena given that the parties have not proposed any alternatives and due to the Court's lack of familiarity with the underlying litigation. In general, however, the Court limits Defendants' subpoena[8] to information related to MBHB's work for AAI related to the patents in suit[9] or the technology involved in the patents in suit. It would be unduly burdensome for MBHB to gather and provide discovery related to its institutional knowledge of certain information, unrelated to its representation of AAI.

---

[8] This relates to Deposition Topics 3 and 4, as well as any other Topic or Document Request that requests information beyond the scope of MBHB's work for AAI related to either the patents in suit or the technology at issue.

[9] This includes any application or patent related to the patents in suit, including foreign applications, continuation applications, divisional applications, or provisional applications.

13

## CONCLUSION

The Court denies AAI and MBHB's Motion to Quash Defendants' subpoena. To the extent Defendants' subpoena seeks information beyond MBHB's representation of AAI relating to either the patents in suit or the technology involved in the patents in suit, the Court modifies Defendants' subpoena to include such limits.

Dated: March 21, 2005

ENTERED

AMY J. ST. EVE
United States District Court Judge

14